IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| ROBERT JOSEPH BURKE, | ) | |
| | ) | |
| Plaintiff, | ) | 2:14-CV-01407-DWA |
| | ) | |
| vs. | ) | |
| | ) | |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| Defendant. | | |

AMBROSE, United States Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 13). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 14). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting in part and denying in part Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting in part and denying in part Defendant's Motion for Summary Judgment. (ECF No. 13).

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act ("Act"). In his application, Plaintiff alleges he became disabled on December 24, 2008. (ECF No. 6-6, pp. 7, 9). Administrative Law Judge ("ALJ"), Lawrence J. Neary, held a hearing on September 6, 2012. (ECF No. 6-2, pp. 25-64). On January 15, 2013, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 6-2, pp. 10-23). After exhausting all administrative remedies, Plaintiff filed this action.

1

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 13). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Plaintiff's Ability to Interact with Supervisors

Plaintiff argues that the ALJ failed to address Plaintiff's limitations in dealing with supervisors when determining Plaintiff's residual functional capacity ("RFC").[1] (ECF No. 10, pp. 5-6). Thus, Plaintiff submits that the ALJ's RFC is not based on substantial evidence. *Id.* Consequently, Plaintiff argues remand is required on this issue. *Id.* After a review of the record, I agree.

In this case, the ALJ determined that Plaintiff has the RFC to perform sedentary work with the following exceptions: "[T]he claimant is limited to occasional postural activities; is limited to simple, routine, and repetitive tasks; and could have only occasional interaction with the public." (ECF No. 6-2, p. 15). Based on the same, I agree with Plaintiff that the ALJ's RFC

---

[1] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

3

determination places no limitation on interacting with supervisors.  *Id.*  The ALJ, however, gave "great weight" to the opinion of Dr. Diorio.  (ECF No. 6-2, p. 40).  Dr. Diorio opined, *inter alia,* that Plaintiff is moderately limited in the ability to accept instructions and respond appropriately to criticism from supervisors.  (ECF No. 6-3, p . 29, 40).  Yet, the ALJ made no reference to the above in crafting Plaintiff's RFC.

Certainly, the ALJ is not required to accept Dr. Diorio's opinions at all, much less do so wholesale.  Nevertheless, an ALJ must set forth the reasons for crediting or discrediting relevant or pertinent medical evidence.  *Burnett v. Comm'er of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000).  "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006).  "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'"  *Burnett,* 220 F.3d at 121-122*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981).  Without the same, a reviewing court cannot make a proper determination.  *Id.*

In this case, the ALJ assigned "great" weight to Dr. Diorio's opinion.  (ECF No. 6-2, p. 18).  He does not mention, however, Dr. Diorio's limitations with regard to interacting with supervisors in the RFC.  *Id.* at p. 15.  Supervisors are a distinct group and must be addressed separately.  The ALJ is entitled to reject Dr. Diorio's limitation regarding supervisors, but he must then discuss or explain why he rejected such opinion evidence to which he assigned "great weight."  This omission infects the hypothetical to the vocational expert.  Thus, the failure to provide an explanation prohibits me from conducting a proper and meaningful review.  Therefore, I find the ALJ erred in this regard.  Consequently, remand is warranted for further clarification.

4

C. **Treating Physician**

Plaintiff submits that the ALJ erred in rejecting his treating psychiatrist's opinion without providing an adequate rationale. (ECF No. 10, pp. 6-10). Specifically, Plaintiff argues that ALJ erred in assigning his treating psychiatrist, Dr. Shahoud, little weight. *Id.* Consequently, Plaintiff requests that this case be remanded. *Id,* at p. 10.

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. §§ 416.927(c)(1); 404.1527(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Third Circuit has explained:

"A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a

treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

The ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203-04 (3d Cir. 2008). An ALJ's findings should be as "comprehensive and analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g). *Cotter,* 642 F.2d at 705.

In this case, the ALJ specifically set forth his reasons for discounting Dr. Shahoud's opinions. (ECF No. 6-2, pp. 21). "These opinions do not reflect the claimant's overall treatment history in the period between 2009 and 2012 and are inconsistent with the above-discussed treatment records from Dr. Weinberg and Dr. Shahoud, both of whom consistently report clinical findings that the claimant stabilized with mental health treatment." (ECF No. 6-2, p. 21). After a review of the record, I find the reasons stated by the ALJ for assigning little weight to Dr. Shahoud's opinions (inconsistent with other evidence of record and internally inconsistent) were appropriate and supported by sufficient evidence of record. (ECF No. 6-2, pp. 15-21). Consequently, I find no error in this regard and, therefore, remand is not warranted on this basis.

An appropriate order shall follow.

treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

The ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203-04 (3d Cir. 2008). An ALJ's findings should be as "comprehensive and analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g). *Cotter,* 642 F.2d at 705.

In this case, the ALJ specifically set forth his reasons for discounting Dr. Shahoud's opinions. (ECF No. 6-2, pp. 21). "These opinions do not reflect the claimant's overall treatment history in the period between 2009 and 2012 and are inconsistent with the above-discussed treatment records from Dr. Weinberg and Dr. Shahoud, both of whom consistently report clinical findings that the claimant stabilized with mental health treatment." (ECF No. 6-2, p. 21). After a review of the record, I find the reasons stated by the ALJ for assigning little weight to Dr. Shahoud's opinions (inconsistent with other evidence of record and internally inconsistent) were appropriate and supported by sufficient evidence of record. (ECF No. 6-2, pp. 15-21). Consequently, I find no error in this regard and, therefore, remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

ROBERT JOSEPH BURKE, )
)
    Plaintiff, ) 2:14-CV-01407-DWA
)
vs. )
)
CAROLYN W. COLVIN, COMMISSIONER )
OF SOCIAL SECURITY, )
)
    Defendant.

AMBROSE, United States Senior District Judge

## **ORDER**

THEREFORE, this 10th day of September, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is granted in part and denied in part and Defendant's Motion for Summary Judgment (Docket No. 13) is granted in part and denied in part.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                BY THE COURT:

                s/ Donetta W. Ambrose
                  Donetta W. Ambrose
                  United States Senior District Judge